United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20017
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GILBERTO RUBIO LUCIO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 4:03-CR-254
--------------------

Before DAVIS, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Gilberto Lucio appeals his conviction of being an alien ille-

gally and unlawfully in the United States in possession of a fire-

arm.  He argues that he was not guilty of illegal possession of a

firearm because he was lawfully present in the United States on the

date alleged in the indictment.  In the government's prior appeal,

we held that Lucio was not lawfully present in the United States on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

the date alleged in the indictment even though he had an application for adjustment of status pending and had been given employment authorization. United States v. Lucio, 428 F.3d 519, 524-26 (5th Cir. 2005). Under the law of the case doctrine, the issue whether Lucio was unlawfully present in the United States was decided in the previous appeal and may not be reexamined now on remand. See United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002). Further, Lucio has not shown that any of the exceptions to the doctrine are applicable. See id.

Lucio argues that 18 U.S.C. § 922(g)(5)(A) is unconstitutional as applied to him because the statute did not provide him fair warning that his conduct was unlawful. Because Lucio raised this argument in an untimely motion for judgment of acquittal in the district court, that court did not have jurisdiction to consider the motion. See United States v. Mulderig, 120 F.3d 534, 544 (5th Cir. 1997). Even if the motion had been timely, Lucio would not have been entitled to relief, because § 922(g)(5)(A) was sufficiently definite that a person of ordinary intelligence would understand what conduct it prohibited. See United States v. Patterson, 431 F.3d 832, 836 (5th Cir. 2005).

AFFIRMED.